For plaintiff: Adler & Flint.
For defendant: Sullivan, Lisker & Sullivan.

Lowell J. Greene
vs.                    No. 2840.
William H. Young

May 26, 1934.

POULIOT, J. This cause is before the Court on defendant's motion for a new trial after a jury returned a verdict for the plaintiff in the sum of $285.95.

The motion sets forth usual grounds, but only one, that of newly discovered evidence, was seriously urged. The other grounds were casually argued.

This suit is over the purchase price of a cow sold and delivered to the defendant by the plaintiff.

The defense is that the cow was purchased from one Rose, a salesman for the plaintiff, and was not to be paid for if a certain physical condition existed in the cow. This agreement was made with Rose, and not with the plaintiff. The cow was later sent to the Comstock farm where it was auctioned off, but no one appears to know who received the proceeds of the sale, both parties denying any connection with the auction sale in so far as it affects this particular animal.

The issue was whether or not Rose had any authority to make an agreement of conditional sale. The defendant contended that he did have such power and the plaintiff claimed that he alone had the right to make such agreements. The jury decided the issue in favor of the plaintiff. While the evidence is conflicting, there is ample testimony of a credible nature to support this finding.

The defendant files three affidavits in support of his request for a new trial on the ground of newly discovered evidence.

His own affidavit, outside of naming the person who allegedly took the cow from the Young to the Comstock farm, contains no evidence additional to the testimony he gave in Court.

The affidavit of Delmar H. Young sets forth his own dealings with the plaintiff, apparently for the purpose of inducing the Court to believe that his transactions with the plaintiff must necessarily indicate what the agreement was between the plaintiff and the defendant. On the contrary,

the affidavit shows that the plaintiff, and not Rose, fixed the terms and conditions of the sale from Greene, through Rose, to the affiant.

The affidavit of David W. Knight, with the exception of identifying himself as the person engaged by Rose to transport two cows to the Comstock farm, one from the defendant's farm and one from the Delmar H. Young farm, contains nothing which is not now in evidence.

The plaintiff also filed an affidavit in which he claims he never hired Knight, never paid him anything nor ever received a bill for the purported service and had trucks of his own to do such transportation.

The affidavits show no new material evidence which, if submitted to a jury, would have the effect of bringing about a verdict different from the one already reached.

Motion for new trial is denied.

For plaintiff: Grim & Littlefield.

For defendant: Cooney & Cooney.